**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2411

_____

UNITED STATES OF AMERICA

v.

SEAN MICHAEL FRYER
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:18-cr-00414-001)
District Judge: Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 7, 2022

_____

Before: SHWARTZ, MATEY, and FUENTES, *Circuit Judges*.

(Filed: December 20, 2022)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge.*

Facing charges related to sexual crimes against children, Sean Fryer pleaded guilty to online enticement in an agreement that waived his right to appeal his conviction and sentence. Fryer appealed anyway and his counsel now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967) and Third Circuit L.A.R. 109.2(a), arguing the appeal is without merit. We agree and will grant the motion to withdraw and dismiss Fryer's appeal.

**I.**

In computer chat sessions, using the moniker "Bad Boy," Fryer shared images and videos depicting sexually abused children and wrote messages describing his experience molesting kids. Unbeknownst to Fryer, he was chatting with law enforcement. From the fruits of subpoenas sent to the relevant parties, the FBI traced the "Bad Boy" username to Fryer's email, IP logs, and finally his home address. Fryer was arrested and pleaded guilty to online enticement in violation of 18 U.S.C. § 2422(b) in exchange for a three-level reduction in his offense level.

After consulting his attorney, Fryer signed a written plea agreement that he later acknowledged in a plea colloquy. The plea agreement waived Fryer's right to appeal his conviction and sentence. Although the advisory range for Fryer's offense was 210 to 262 months, Fryer's counsel secured a downward variance to a sentence of 144 months.

Fryer filed a notice of appeal several months after the deadline, and his appointed counsel moved to withdraw in an *Anders* brief, stating that there were no nonfrivolous grounds for review.[1]

## II.

### A.    The *Anders* Brief

Counsel appointed to represent a person accused of a crime may withdraw after a conviction if there is nothing "in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. A motion to withdraw must show that counsel has "'thoroughly scoured the record in search of appealable issues' and then 'explain[ed] why the issues are frivolous.'" *United States v. Coleman*, 575 F.3d 316, 319 (3d Cir. 2009) (quoting *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). In reviewing a motion to withdraw accompanied by an *Anders* brief, we consider "1) whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a), and 2) whether an independent review of the record presents any nonfrivolous issues." *Simon*, 679 F.3d at 114. "[I]f counsel has fulfilled her obligation under *Anders*, then we may limit our review of the record to the issues counsel raised." *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the adequacy of an *Anders* submission without deference but review factual findings for clear error. *Simon v. Gov't of Virgin Islands*, 679 F.3d 109, 114 (3d Cir. 2012). When a defendant "challenges the validity of a guilty plea for the first time on direct appeal," we review for plain error. *United States v. Agarwal*, 24 F.4th 886, 891 (3d Cir. 2022).

Counsel satisfied these requirements. He submitted a comprehensive brief outlining three possible issues Fryer could raise on appeal: 1) venue and jurisdiction, 2) voluntariness of the guilty plea, and 3) legality of the sentence. Each is either expressly rejected by the relevant case law or readily controverted by the facts in the record. All leaving no doubt that he conducted a "conscientious examination" of the record, *Anders*, 386 U.S. at 744, "thoroughly scoured the record in search of appealable issues," and explained "why the issues are frivolous." *Coleman*, 575 F.3d at 319. An independent review of the record, limited to the issues raised in the *Anders* brief, confirms counsel's conclusion so we "will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." L.A.R. 109.2(a).

## B. Appellate Waiver

An appellate waiver is enforceable if 1) the appellant's arguments are covered by the waiver; 2) the waiver was knowing and voluntary; and 3) the waiver's enforcement would not lead to a miscarriage of justice. *See United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008).

The language of Fryer's waiver covers his arguments; and the District Court's thorough plea colloquy ensured that Fryer made the waiver knowingly and voluntarily and comprehended his possible sentence. Nor is Fryer's sentence subject to challenge on appeal since it falls below the guideline range and does not satisfy any of the other conditions under 18 U.S.C. § 3742. *See United States v. Corso*, 549 F.3d 921, 927–28 (3d Cir. 2008); *Langley*, 52 F.4th at 574. Under these circumstances, enforcing Fryer's waiver would not

4

result in a miscarriage of justice. *See United States v. Erwin*, 765 F.3d 219, 228 (3d Cir. 2014).

## III.

For these reasons, the Court grants counsel's motion to withdraw and dismisses Fryer's appeal.